UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| C.E.L., Petitioner, v. ANTONE MONIZ, et al. Respondents. | CIVIL ACTION NO. 26-CV-13925-WGY |

YOUNG, D.J. September 11, 2026

**ORDER**

The Court has reviewed the petition filed by Petitioner C.E.L. ("Petitioner") for habeas corpus relief under 28 U.S.C. § 2241 ("the Petition"), ECF No. 1, as well as the Respondents' response to the Petition and Motion for Temporary Restraining Order ("Response"), ECF No. 10. The Court further reviewed the Petitioner's Reply and Traverse ("Reply") to the Response. ECF No. 11.

District courts retain jurisdiction to hear noncitizens' challenges to the legality of their immigration detention. Kong v. United States, 62 F.4th 608, 614 (1st Cir. 2023). Since Louis challenges his continued detention, this Court has jurisdiction over his petition.

This Court agrees with Petitioner that his custody is governed by 8 U.S.C. § 1226(a) which, as due process requires,

entitles him to a bond hearing before an immigration judge. Noncitizens detained under Section 1226(a) are eligible for a bond hearing. Romero v. Hyde, 795 F. Supp. 3d 271, 281 (D. Mass. 2025).

Further, Respondents do not contest that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and is eligible for a bond hearing. ECF No. 10 at 1. Respondents do, however, oppose immediate release because, "Petitioner has not alleged that he requested a bond hearing in Immigration Court and was denied such a hearing, prior to filing this habeas petition." Id. As Petitioner points out in their Reply, the Petitioner did request a bond hearing before an immigration judge on the day of his custody determination as evidenced as Exhibit 3 of the government's Response, ECF No. 10-3.

To the extent the government argues that Petitioner failed to exhaust administrative remedies by not first asking the Immigration Court for a bond hearing, the Court will not deny the petition on the basis of exhaustion. See Waters Rossin v. Moniz, 26-cv-13436-BEM, ECF No. 12 (D. Mass. Aug. 4, 2026); Arevalo v. Moniz, 26-cv-13733-LTS, ECF No. 15 (D. Mass. September 8, 2026). Further, it appears from the record that Petitioner did request a bond hearing upon his detention, which has not been granted. ECF No. 10-3.

In light of the foregoing, the Court construes—and ORDERS the Respondents to likewise construe—the pending petition as conveying a request for a bond hearing before the Immigration Court.

The Court hereby ALLOWS the Petition insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving Petitioner poses a danger to the community or flight risk, see Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021), and ORDERS this hearing be held within seven (7) days of the date of this Order. The Court further ORDERS Respondents to file a status report -- stating whether Petitioner has been granted bond and, if his request for bond is denied, the reasons for the denial -- within ten (10) days of this Order.

**SO ORDERED.**

William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE